97 F.3d 1457
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Marc A. BEACHEM, Appellant.
 No. 95-2942.
 United States Court of Appeals, Eighth Circuit.
 Submitted: September 13, 1996.
Filed: September 19, 1996.
 
 Before FAGG, LAY, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After drug enforcement agents observed Marc A. Beachem receiving a sack of powdered cocaine and cocaine base from a drug courier named Michael Leroy, Beachem pleaded guilty to attempting to possess cocaine with intent to distribute, see 21 U.S.C. §§ 841(a)(1), 846 (1994). Beachem appeals the ninety-seven month sentence imposed by the district court. First, Beachem contends the district court erroneously held him accountable for the 43.4 grams of cocaine base Leroy delivered to him. Beachem argues he did not know and could not reasonably foresee that the sack he received from Leroy contained cocaine base, because Leroy had never brought Beachem any cocaine base during earlier drug deliveries. See U.S.S.G. § 1B1.3(a)(1)(B) (1994). We conclude the district court did not commit clear error in finding the delivery of cocaine base was reasonably foreseeable, because the district court heard evidence that Leroy and Beachem's regular supplier cooked cocaine into cocaine base, Beachem communicated with the supplier before each delivery, Beachem knew the types and amounts of drugs Leroy was bringing during past deliveries, and Beachem once sold cocaine base to an undercover informant. See United States v. Flores, 73 F.3d 826, 833 (8th Cir.), cert. denied, 116 S.Ct. 2568 (1996). We also reject Beachem's contention that the district court committed clear error in calculating the amounts of powder cocaine and marijuana attributable to Beachem based on his relevant conduct. See United States v. Lawrence, 915 F.2d 402, 406 (8th Cir.1990). The district court's calculations are supported by statements Leroy made to drug enforcement agents about earlier drug deliveries, and the district court's determination that Leroy was credible is virtually unreviewable on appeal. United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993). We thus affirm Beachem's sentence.